216 APPELLATE COURTS OF ILLINOIS.

Toledo, St. L. & W. R. Co. v. E. St. L. & S. Ry. Co., 206 Ill. App. 216.

## Toledo, St. Louis & Western Railroad Company, Plaintiff in Error, v. East St. Louis & Suburban Railway Company, Defendant in Error.

### (Not to be reported in full.)

Error. to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Toledo, St. Louis & Western Railroad Company, plaintiff, against East St. Louis & Suburban Railway Company, defendant, to recover under a contract allowing defendant to cross plaintiff's right of way, and providing that defendant in crossing should first bring its cars to a full stop and remain until the conductor in charge of such cars should "flag said crossing," and that defendant would indemnify and save harmless the plaintiff against all loss, damage, costs, expense, actions, claims or demands by reason of defendant's failure to flag as so provided; the basis for recovery being a judgment entered against plaintiff for $6,500 in a certain action brought by Anna Perenchio against plaintiff and defendant in the City Court of East St. Louis to recover damages for injuries sustained by said Perenchio in a collision between the cars of defendant and a train of plaintiff, which was dismissed as to defendant upon removal to the federal court where such judgment was entered. From a judgment against plaintiff in bar of action and costs, plaintiff brings error.

C. E. POPE and H. F. DRIEMEYER, for plaintiff in error; CHARLES A. SCHMETTAU, of counsel.

BARTHEL, FARMER & KLINGEL, for defendant in error.

Toledo, St. L. & W. R. Co. v. E. St. L. & S. Ry. Co., 206 Ill. App. 216.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when judgment not reversed because verdict is against evidence*. Where the evidence on a controverted question is sharply conflicting, judgment will not be reversed on the ground that the verdict was against the manifest weight of the evidence.

2. RAILROADS—*what is meaning of phrase "flag the crossing" in contract for crossing railroad by another company*. The testimony of certain expert witnesses *held* to show that the term "flag the crossing," used in a certain contract requiring defendant to flag plaintiff's railroad crossing before crossing same, meant that the party flagging looked in both directions up and down the track to see if anything was approaching, and should listen, should see that the way was clear, that if he went to the crossing after he stopped his car, looked in both directions and saw nothing, listened and could hear nothing, then if he gave the signal to the motorman to come across, that would be flagging the crossing.

3. TRIAL, § 103*—*when evidence not objected to should be excluded*. In an action to recover on a contract by defendant to indemnify plaintiff for loss arising from the negligent crossing of plaintiff's right of way by defendant's cars, *held* that evidence that the air brake on defendant's street car caused the car to stop on plaintiff's railroad tracks and that the motorman tried to release the air four times, but was unable to do so, should have been excluded, although not objected to when offered, as not tending to prove any issue in the case.

4. TRIAL, § 204*—*when refusal to direct verdict for plaintiff is proper*. Refusal to direct a verdict for plaintiff *held* proper where there was evidence tending to support the defense that defendant was not guilty of the negligence charged.

5. APPEAL AND ERROR, § 1413*—*when similar verdict by successive juries not disturbed*. Where three juries have passed upon a case and have each found the same way, an Appellate Court will be slow to disturb the verdict in the absence of prejudicial error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.